# IN THE UNITED STATES DISTRICT COURT
# GFOR THE MIDDLE DISTRICT OF FLORIDA
### (Orlando Division)

Case No.: _____

SAMUEL JEAN and ROSSITA JEAN,

    Plaintiffs,

v.

NATIONAL SPECIALTY INSURANCE COMPANY,

    Defendant.

_____ /

Removed from Circuit Court of Seminole County, Florida
Case No: 2023CA000463

## NOTICE OF REMOVAL

COMES NOW Defendant National Specialty Insurance Company, by and through its undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Seminole County, Florida, Case No.: 2023CA000463, to the United States District Court for the Middle District of Florida based on the following:

1. This matter is a first-party insurance breach of contract dispute involving a homeowners insurance policy.

2. On or about March 2, 2023, Plaintiffs filed a Complaint against Defendant in the Circuit Court of Seminole County, Florida. *See Plaintiffs' Complaint, attached hereto as "Exhibit A."*

3.     The Complaint was served on Defendant on March 6, 2021. *See Notice of Service of Process from the Chief Financial Officer of Florida, attached hereto as "Exhibit B."*

4.     In their Complaint, Plaintiffs alleged only that they were residents of the State of Florida, rather than alleging domicile in Florida or citizenship. *See Exhibit A,* at ¶ 3.

5.     On April 5, 2023, Mohad Abbass Esq., counsel for Plaintiffs, sent an email with a written demand seeking One Hundred Twenty Thousand Dollars ($120,000.00) exclusive of interest, costs, and attorney's fees. *See Exhibit C*, *Mr. Abbass's email with demand.*

6.     Plaintiff's demand email attached a pre-suit estimate of repair or replacement costs for the alleged coverage damages, it referenced said estimate. Plaintiff's pre-suit estimate of damages is attached hereto as "Exhibit D." Because demands without supporting documentation are sometimes regarded as potentially containing inflated numbers due to "puffery."[1] Defendant exhibits the pre-suit estimate to show that the demand includes what plaintiff alleges to be One Hundred Eight Thousand Nine Hundred Fifty-Nine Dollars and Forty-Two Cents

---

[1] See *Green v. Travelers Indem. C*o., No. 3:11-cv-922-J-37TEM, 2011 U.S. Dist. LEXIS 120415, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011), *Clifford v. BJ's Wholesale Club, Inc.*, No. 16-23349-CIV-MORE, 2016 U.S. Dist. LEXIS 147614, at *6 (S.D. Fla. Oct. 24, 2016)

($108,959.42) in indemnity owed, aside from any statutory attorney's fees or litigation costs.

7. Defendant is a corporation domiciled in Texas having its principal place of business at 1900 L. Don Dodson Drive, Bedford, Texas. *See Exhibit E, Defendant's Foreign Corporation Annual Report*.

8. Since the undersigned counsel knew the citizenship of Defendant and the amount in controversy, the remaining issue regarding diversity jurisdiction was the determination of Plaintiffs' citizenship.

9. In the exercise of due diligence, undersigned counsel reviewed the records of the Seminole County Property Appraiser, the official records of which are a public record of a governmental entity, of which the Court may take judicial notice.

10. Plaintiffs have applied for and received the Homestead Exemption under the Florida Constitution, per the records of the Seminole County Property Appraiser. *See* "Exhibit F.

11. Application for the homestead exemption requires affirmation that the property is your permanent residence. "Section 193.031, Florida Statutes (Supp. 1994), allows individuals to claim a home exempt from ad valorem taxation if they hold legal or beneficial title to that home and, in good faith, <u>make it their permanent residence</u>." *Robbins v. Welbaum*, 664 So. 2d 1, 2 (Fla. 3d DCA 1995) (emphasis added).

11.     Defendant submits that Plaintiffs have verified by such application that they are permanent residents who reside at the homestead/insured property in Seminole County, Florida, and therefore are domiciled in Florida, making them citizens of Florida for purposes of diversity jurisdiction.

12.     28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

13.     28 U.S.C. § 1332(c)(1) provides in pertinent part a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

14.     28 U.S.C. § 1441(a) provides in pertinent part any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

15.     Plaintiffs are citizens of the State of Florida. *See Exhibit F*.

16.     Plaintiffs' claim for damages concerns an amount in controversy in excess of $75,000.00, exclusive of interest and costs. *See Exhibit C*.

17. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

18. This Notice of Removal is being filed within thirty (30) days of service of Plaintiffs' counsel's email on April 5, 2023.

19. A complete copy of all process, pleadings and orders in the Circuit Court of Seminole County, Florida in Case No.: 2023CA000463, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit G - Index of Record.*

20. In compliance with 28 U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Seminole County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit H*.

WHEREFORE, Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida.

Date: April 13, 2023

Respectfully submitted,

By:  /s/ *Robert L. Williams, Jr.*
Robert L. Williams, Jr. (Fla. Bar No. 1002894)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, FL  32803
Telephone:  (407) 284-4990
Email:    rwilliams@rolfeshenry.com
                pewing@rolfeshenry.com

                                          Brian P. Henry, Esq. (Fla. Bar No. 0089069)
                                        ROLFES HENRY CO., LPA
                                        5577 Broadcast Court
                                        Sarasota, FL 34240
                                        Telephone:   (941) 684-0100
                                        Email:       bhenry@rolfeshenry.com
                                                             kmccintock@rolfeshenry.com

                                        *Attorney for Defendant*
                                        *National Specialty Insurance Company*


## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 13th day of April 2023:

Mohad Abbass, Esq.
Arias & Abbass Your Attorneys, PLLC
4531 Ponce De Leon Blvd., Suite 200
Coral Gables, FL 33146
T:  786-530-4357
E:  eservice@talktomyattorneys.com
    mabbass@talktomyattorneys.com
    scheduling@talktomyattorneys.com

*Attorney for Plaintiffs*

                                          /s/ *Robert L. Williams, Jr.*
                                          Robert L. Williams, Jr. (FBN 1002894)